E-FILED
Wednesday, 03 October, 2012  05:37:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. DISMISSED RELATOR, and ) <br> THE STATE OF ILLINOIS ex rel. ) <br> DISMISSED RELATOR, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BHARAT K. LILWANI, individually, ) <br>  and CHICAGO MEDI-CAR ) <br> TRANSIT CORP., an Illinois ) <br> corporation, also known as CHICAGO ) <br> MEDI CAR TRANSIT, ) <br> ) <br>     Defendants. ) | No. 11-3276 |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on the Amended Motion to

Dismiss filed by Defendants Bharat K. Liliwani and Chicago Medi-Car

Transit Corp. (CMCTC).  See d/e 12.  For the reasons that follow,

Defendants' Amended Motion to Dismiss is denied.

## I. BACKGROUND

In November 2006, Relator brought an action on behalf of the United States (Government) and the State of Illinois (State) against CMCTC and numerous other defendants alleging violations of the federal False Claims Act (FCA) (31 U.S.C. § 3729 et seq.) and what was at that time known as the Illinois Whistleblower Reward and Protection Act (Illinois Whistleblower Act) (740 ILCS 175/1 et seq.).  The Illinois Whistleblower Act is now known as the Illinois False Claims Act (IFCA).

On March 24, 2010, after several extensions of time to consider whether to intervene, the Government filed The Government's Notice of Election to Intervene in Part and to Decline to Intervene in Part.  The Government indicated its election to intervene as to several defendants, including CMCTC.  The next day, the State filed its notice of intent to join the United States in intervening as to several defendants, including CMCTC.

On August 8, 2011, the Government and the State (collectively referred to as "Plaintiffs") filed a Complaint against CMCTC.  See d/e 1.

The Complaint was a copy of the Relator's November 2006 complaint with the allegations relating to non-CMCTC defendants redacted.  On November 10, 2011, Plaintiffs filed an Amended Complaint against Defendants.  See d/e 2.

The Amended Complaint contains four counts.  Count I is brought by the United States and alleges Defendants made false claims under the FCA, 31 U.S.C. § 3729(a).  Count III is a claim brought by the State under the IFCA, 740 ILCS §§ 175/1-8.  Counts II and IV are brought by both the United States and the State and allege unjust enrichment and payment under mistake of fact, respectively.

The Amended Complaint alleges that since at least November 7, 2000, Defendants knowingly participated in various schemes, artifices, and conspiracies to defraud and obtain money from Plaintiffs.  Specifically, the Amended Complaint alleges that Defendants engaged in fraudulent schemes, which included: (1) the knowing submission of claims for services that had previously been submitted which resulted in duplicate payment to Defendants; (2) the knowing submission of claims

for services not provided; and (3) the knowing submission of claims for services without a corresponding medical service.

The Amended Complaint describes each scheme. For example, with respect to the allegations that Defendants submitted false claims which resulted in duplicate payments to Defendants, the Amended Complaint alleges that the Illinois Department of Healthcare and Family Services (HFS) authorizes payment to transportation providers for qualified services that are actually provided. A provider may only be reimbursed one time for each service, and successive payments for the same service are not authorized. According to the Amended Complaint, Defendants knowingly presented multiple claims for the same purported transportation services without regard for whether HFS had already paid Defendants for that particular service.

The Amended Complaint provides an example of a duplicate claim where, on or about February 15, 2007, Defendants submitted a claim for transporting a Medicaid recipient, "C.H.," on February 14, 2007. Upon receiving the claims from Defendants, on July 5, 2007, HFS authorized

payment to Defendants in the amount of $31.82, which represented a round trip paid at $15.91 each way.  On or about March 22, 2007, while the first claim remained pending, Defendants submitted another claim for the same transportation of "C.H."  HFS paid an additional $31.82 for the successive claim.

Plaintiffs attached "Attachment A," which lists the initials of each recipient; the date of service for each false, successive claim by Defendants; and a corresponding number for reference purposes. Attachment A purports to show the above information for 20,390 duplicate claims submitted by Defendants for which Defendants had already been paid by Medicaid.

As stated, the Amended Complaint also alleges that Defendants billed for services that were not actually provided.  This category of allegations is further divided into two subcategories.

First, Plaintiffs allege that Defendants billed for transporting Medicaid recipients at times when the Medicaid recipients were hospitalized and unavailable for transport.  As an example, the Amended

Complaint alleges that, on or about February 22, 2007, Defendants submitted a claim for transporting recipient "Y.B." to and from a particular location on February 12, 2007.  The Amended Complaint further alleges that Defendants did not transport Y.B. on that date because Y.B. was hospitalized at that time.  Plaintiffs attached "Attachment B," which contains the initials of each  recipient, the date of service for each false claim submitted by Defendants for a purported transportation service at a time when the Medicaid recipient was hospitalized, and a corresponding number for reference purposes. Attachment B purports to show the above information for 1,557 false claims submitted by Defendants for transportation services on dates for which the Medicaid recipient was hospitalized.

Second, Plaintiffs allege Defendants billed for transportation services provided on dates the Medicaid recipients did not receive corresponding medically necessary care from a covered entity.  As an example, the Amended Complaint references the case of "C.B.", for whom Defendants submitted a claim for transporting to and from a

particular location on January 22, 2007.  According to the Amended
Complaint, C.B. did not receive corresponding medically necessary care
by a covered entity on January 22, 2007.  Plaintiffs attached
"Attachment C," which contains the initials of each recipient, the date of
service for each false claim submitted by Defendants for a purported
transportation service on a date for which the recipient received no
corresponding medically necessary care from a covered entity, and a
corresponding number for reference purposes.  Attachment C purports to
show the above information for 50,906 false claims submitted by
Defendants for a purported transportation service on a date for which
the recipient received no corresponding medically necessary care from a
covered entity.

## II.  JURISDICTION AND VENUE

The federal questions posed by Plaintiffs' claims under the False
Claims Act give this Court subject-matter jurisdiction.  See 28 U.S.C. §
1331 and § 1345.  Personal jurisdiction and venue requirements are
satisfied because a substantial part of the relevant acts occurred in this

judicial district and a substantial part of the property that is the subject of this action was situated in this district.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "purposefully avail[ed] [himself or herself] of the privilege of conducting activities" in the forum state); 31 U.S.C. § 1391(b)(2) (venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated); 31 U.S.C. § 3732(a) (venue is proper in any judicial district in which any act proscribed by 31 U.S.C. § 3729 occurred).  This Court has supplemental jurisdiction over the claims asserted under Illinois state law pursuant to 28 U.S.C. § 1367, as they are so related to the claims within the Court's federal question jurisdiction that they form part of the same case or controversy.  See 31 U.S.C. § 3732(b) (giving jurisdiction to district courts "over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought

under section 3730").

## III.  LEGAL STANDARD

A.  Rule 12(b)(6) of the Federal Rules of Civil Procedure

Under Rule 12(b)(6), dismissal is proper where a complaint fails to
state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).
To state a claim upon which relief can be granted, a complaint must
provide a "short and plain statement of the claim showing that the
pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That statement must
be sufficient to provide the defendant with "fair notice" of the claim and
its basis.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008);
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955,
1964, 167 L.Ed.2d 929, 940 (2007).  This means that: (1) "the
complaint must describe the claim in sufficient detail to give the
defendant 'fair notice of what the . . . claim is and the grounds upon
which it rests" and (2) its allegations must plausibly suggest that the
plaintiff has a right to relief, raising that possibility above a "speculative
level."  EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776

(7th Cir. 2007).  While detailed factual allegations are not needed, a

"formulaic recitation of a cause of action's elements will not do."

<u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. at 1965, 167 L.Ed.2d at 940.

Conclusory allegations are "not entitled to be assumed true."  <u>Ashcroft v.</u>

<u>Iqbal</u>, 556 U.S. 662, 681, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868, 885

(2009) (citing <u>Twombly</u>, 550 U.S. 544 (2007)).  "In ruling on Rule

12(b)(6) motions, the court must treat all well-pleaded allegations as true

and draw all inferences in favor of the non-moving party."  <u>In re</u>

<u>marchFIRST Inc.</u>, 589 F.3d 901, 904 (7th Cir. 2009) (citing <u>Tamayo</u>,

526 F.3d at 1081).

B.  Rule 9(b) of the Federal Rules of Civil Procedure

        Because the FCA is an anti-fraud statute, claims brought pursuant

to the FCA are subject to the heightened pleading requirements of Rule

9(b).  <u>U.S. ex rel. Walner v. NorthShore Univ. Healthsystem</u>, 660 F.

Supp. 2d 891, 895 (N.D. Ill. 2009).  Rule 9(b) requires a party alleging

fraud or mistake to "state with particularity the circumstances

constituting fraud or mistake.  Malice, intent, knowledge, and other

conditions of a person's mind may be alleged generally."  Fed.R.Civ.P.

9(b).  Fraud claims must identify: (1) the person who made the alleged

misrepresentation; (2) the time, place, and content of the

misrepresentation; and (3) the method by which the misrepresentation

was communicated.  <u>General Elec. Capital Corp. v. Lease Resolution</u>

<u>Corp.</u>, 128 F.3d 1074, 1078 (7th Cir. 1997) (citing <u>DiLeao v. Ernst &</u>

<u>Young</u>, 901 F.2d 624, 627 (7th Cir. 1990) (stating that plaintiffs must

plead the "who, what, when, where, and how" of the alleged fraud)).

## IV.  ANALYSIS

In their Amended Motion to Dismiss, Defendants claim Plaintiffs'

Amended Complaint should be dismissed because: (1) the claims are

barred by the relevant statutes of limitations; (2) the claims in Counts I

and III lack the particularity required by Rule 9(b) of the Federal Rules

of Civil Procedure; and (3) prior settlements and claim preclusion require

dismissal of Plaintiffs' claims against Defendants.

## A.  Plaintiffs' Claims Are Not Barred By the Statutes of Limitations

The FCA's statute of limitation is found at § 3731(b), which

provides that no civil action under § 3730 may be brought:

> (1) more than 6 years after the date on which the violation is committed, or
>
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
>
> whichever occurs last.

31 U.S.C. § 3731(b).  The IFCA tracks the relevant limitations provisions in the FCA, substituting the appropriate State references for the federal ones contained in the FCA.  See 740 ILCS 175/5(b).

Here, Relator filed his complaint on November 7, 2006.  As stated, after several extensions of time to consider whether to intervene, Plaintiffs elected to do so and then filed their original complaint on August 8, 2011 and their Amended Complaint on November 9, 2011.

Defendants contend that all claims filed prior to August 8, 2008, are barred by the three-year statute of limitation set forth in both 31 U.S.C. § 3731(b) and 740 ILCS 175/5(b).  Specifically, Defendants

claim that Plaintiffs had all of the necessary information to bring a

complaint regarding duplicative claims at the moment the duplicate

claim was submitted.  Defendants also claim that Plaintiffs should have

known about claims for transportation services while the recipient was in

the hospital or when there was no corresponding medical service

provided at that time.

However, these statutes provide that a claim may not be brought

more than six years after the date on which the violation is committed or

more than three years after the date when facts material to the right of

action are known or reasonably should have been known by the relevant

official charged with responsibility to act in the circumstances,

"whichever occurs last."  31 U.S.C. § 3731(b) (emphasis added); 740

ILCS 175/5(b) (emphasis added).  A plain reading of both 31 U.S.C. §

3731(b) and 740 ILCS 175/5(b) demonstrates that a three-year statute

of limitations does not apply here.

Moreover, Rule 15 of the Federal Rules of Civil Procedure states

that an amendment to a pleading relates back to the date of the original

pleading when the law that provides the applicable statute of limitations allows relation back.  Section 3731(c) of the FCA and 740 ILCS 175/5(c) allow relation-back of the Government's and State's complaint-in-intervention to the filing date of a relator's original complaint to the extent that the claims of the Government and State arise "out of the conduct, transactions, or occurrences set forth, or attempted to be set forth, in the prior complaint of" the relator.  31 U.S.C. § 3731(c); 740 ILCS 175/5(c)

Furthermore, Rule 15(c)(1)(B) similarly provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  Fed.R.Civ.P. 15(c)(1)(B).  Similar language is found at Rule 15(c)(2) in previous versions of Rule 15.  <u>See</u> Fed.R.Civ.P. 15(c)(2) (2006).  Notably, Illinois' relation-back provision is found in Section 2-616(b) of the Code of Civil Procedure (735 ILCS 5/2-616(b)) and sets forth the same test as Rule 15(c) in the federal context.  <u>See</u>

White v. City of Chicago, 631 F. Supp. 2d 1073, 1074 (N.D. Ill. 2009)

(stating that Section 2-616(b) is Illinois' "relation-back provision that

codifies essentially the same test as Rule 15(c) in the federal context");

see also 735 ILCS 5/2-616(b) (stating that an amended pleading will

relate back to the original pleading if the claim in the "amended pleading

grew out of the same transaction or occurrence set up in the original

pleading").

In United States ex rel Dismissed Relator, et al. v. MCS Medical

Transportation, et al., No. 11-3281, slip op. at 15 -24 (C.D. Ill.

September 24, 2012), this Court concluded that even in the absence of

the relation-back provisions of 31 U.S.C. § 3731(c) and 740 ILCS

175/5(c), Rule 15(c)(1)(B) (formerly Rule 15(c)(2)) allows for the

Government's complaint-in-intervention to relate back to the relator's

original complaint if the claims arise out of the same conduct,

transaction, or occurrence.

Therefore, in the case sub judice, the analysis under 31 U.S.C. §

3731(c), 740 ILCS 175/5(c), and Rule 15(c)(1)(B)  is the same:  whether

the allegations in the Amended Complaint arise out of the same conduct, transactions, or occurrences set forth, or attempted to be set forth, in Relator's November 2006 complaint.  After comparing the allegations in the Amended Complaint to those set forth, or attempted to be set forth, in Relator's original complaint, the Court concludes that the allegations in the Amended Complaint do arise out of the same conduct, transactions, or occurrences set forth, or attempted to be set forth, in Relator's November 2006 complaint.

Relator's original complaint alleged CMCTC knowingly made, used, or caused to be made or used false records or statements to get a false and/or fraudulent claim for medical transportation services paid or approved by DHFS.  Relator's original complaint further alleged that all Defendants knowingly submitted claims seeking reimbursement for medical transportation services never provided.  Specifically, Relator alleged he had knowledge that all Defendants billed multiple times for a single transportation trip, billed for multiple transportation services to a single recipient within a given time period, and billed for medical

transportation services during periods when those recipients were hospitalized receiving inpatient medical care.  Finally, Relator's original complaint alleged MCS presented unknown additional false and/or fraudulent requests to DHFS for Medicaid reimbursement.

The Amended Complaint alleges Defendants: (1) knowingly submitted multiple claims for the same transportation service that had already been paid, and (2) knowingly billed for services not actually provided by: (a) submitting claims for transporting Medicaid recipients at a time when those recipients were hospitalized, and (b) submitting claims for transporting Medicaid recipients on dates when those recipients received no corresponding medically necessary care.  The Court concludes the  allegations in the Amended Complaint arise out of the conduct, transactions, or occurrences set forth, or attempted to be set forth, in the Relator's original complaint.  Therefore, the Amended Complaint relates back to Relator's original complaint and is timely,

B. Plaintiffs' Complaint Satisfies Rule 9(b)'s Particularity Requirement

As stated, Rule 9(b) contains a heightened pleading standard for

claims of fraud.  Fraud claims must identify: (1) the person who made the alleged misrepresentation, (2) the time, place, and content of the misrepresentation, and (3) the method by which the misrepresentation was communicated.  General Elec. Capital Corp, 128 F.3d at 1078.  As shown in the above recitation of the Amended Complaint's allegations, the Amended Complaint satisfies these requirements by pleading the who, what, when, where, and how of the alleged fraud.  Plaintiffs have plead:  (1) which individual Defendants were involved with CMCTC at the relevant times and in what capacity they were involved, (2) what fraudulent schemes they are alleging and how these schemes were allegedly carried out, including providing examples of each scheme, and (3) when the false billings occurred.

C.  Res Judicata

Defendants contend the Plaintiffs should be barred from asserting claims that were the subject of an alleged settlement agreement between CMCTC and the State, which Defendants has attached to their Motion to Dismiss.  See d/e 12.  Specifically, Defendants contend that on May

25, 2005, the State accepted CMCTC's offer of $430,000 to settle the State's claims of overpayment for a period covering August 1, 2000 through May 31, 2004.  Defendants further allege that from 2005 to 2008, the State collected the $430,000 from CMCTC.  Finally, Defendants allege the Government directly approved the settlement between the State and CMCTC and ratified that agreement by accepting 50 percent of the amounts recovered by the State.

However, Res judicata is an affirmative defense.  See Fed.R.Civ.P. 8(c).  The Seventh Circuit has stated that "it is incorrect to grant a motion to dismiss under Rule 12(b)(6) on the basis of an affirmative defense."  McCready v. eBay, Inc., 453 F.3d 882, 892 n.2 (7th Cir. 2006).  Moreover, the Seventh Circuit has stated:

> Complaints need not anticipate or attempt to defuse potential defenses.  A complaint states a claim on which relief may be granted when it narrates an intelligible grievance that, if proved, shows a legal entitlement to relief. A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense, but this complaint does not do so; the district judge thought, rather, that the complaint had failed to overcome the defenses.  As complaints need not do this, the omissions do not justify dismissal.

United States Gypsum Co. v. Indiana Gas Co., 350 F.3d 623, 626 (7th
Cir. 2003) (citations omitted).  Nothing in Plaintiffs' Amended
Complaint admits the facts required to establish res judicata.

    Moreover, "[o]n a Rule 12(b)(6) motion, a court generally is
limited to the allegations in the complaint, any exhibits attached thereto,
and supporting briefs."  Owens v. City of Chicago, 2009 WL 2778079,
at *2 (N.D. Ill. Aug. 31, 2009).  Because the affirmative defense of res
judicata often requires "the court to consider matters outside the
complaint, a motion raising these defenses ordinarily must be treated as
one for summary judgment."  Arthur Anderson LLP v. Fed. Ins. Co.,
2007 WL 844632, at *7 (N.D. Ill. March 16, 2007).  As stated,
Defendants have attached the purported "settlement agreement" to their
Motion to Dismiss.  However, the "settlement agreement," which is not
signed by either party to the purported settlement, was not mentioned in
Plaintiffs' Amended Complaint or in the attachments thereto.  The
Court declines to convert the Motion to Dismiss based on res judicata
into a motion for summary judgment.  This decision is without prejudice

to Defendants' rights to make an appropriate motion on this issue in the future should they conclude such a motion is supported by the law and the facts.

### III. CONCLUSION

THEREFORE, Defendants' Amended Motion to Dismiss (d/e 12) is DENIED.  Defendants' Motion to Dismiss (d/e11) is DENIED AS MOOT.  This matter is referred back to Judge Cudmore for further pre-trial proceedings.

IT IS SO ORDERED.

ENTER: October 3, 2012

FOR THE COURT:

s/ Sue E. Myerscough

SUE E. MYERSCOUGH
United States District Judge