IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF ILLINOIS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| -vs- | ) ) No. 11-CV-3276 ) |
| CHICAGO MEDI-CAR TRANSIT CORP. and BHARAT K. LILWANI, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER AND OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Before the Court is the Motion for Amended Scheduling Order (d/e 56) filed by Plaintiff United States of America (United States), Relator, against Defendants herein. Defendants have responded to the Plaintiff's motion (d/e 57).

### Background

Plaintiffs brought this action under the False Claims Act, 31 U.S.C. §3798, et seq. and the Illinois False Claims Act, 748 ILCS 175/1, et seq. The complaint also asserts claims under the common law theories of payment under mistake of fact and unjust enrichment. Plaintiffs allege that

the Defendants fraudulently submitted claims in order to obtain from the Illinois Medicaid Program thousands of dollars for non-emergency medical transportation as a result of fraudulent representations. Defendants deny all allegations of submitting fraudulent claims.

Chicago Medi-Car Transit, Corp. was an Illinois corporation. The corporation was owned and operated by Defendant Bharat K. Lilwani (Lilwani). (Answer to Amended Complaint, d/e 17, par. 5) Lilwani was 100% owner of Chicago Medi-Car Transit, Corp. (d/e 35-1, pgs. 8-9)

The United States has attempted to schedule a deposition of Lilwani since September of 2014. Initially the parties discussed the possibility of arranging the deposition of Lilwani in Chicago, Illinois. Plaintiff contacted defense counsel and confirmed Plaintiff was willing to take the Defendant's deposition in Chicago and requested Defendant provide dates. (d/e 35, pg. 2) On October 3, 2014, Plaintiff sent a letter to defense counsel regarding the possible deposition dates. (d/e 35, pg. 2) Having received no response to the inquiries regarding the dates for taking the deposition, Plaintiff sent a deposition notice to depose Lilwani on October 28, 2014 and arranged for a court reporter on that date. On October 27, 2014, defense counsel contacted Plaintiffs' counsel and indicated Lilwani was in

India visiting his sick mother and he had requested that Lilwani let him know when he had returned to the United States.   (d/e 35, pg. 2)

In November of 2014, defense counsel advised counsel for the Plaintiffs that Lilwani had no immediate plans to return to the United States and asked if Lilwani could be deposed by telephonic device.   The Plaintiffs declined the offer.   (d/e 35, pg. 3)

Due to the inability to schedule Lilwani's deposition, the United States filed a Motion for Extension of Discovery or for Default Judgment (d/e 34) in order to attempt to schedule Lilwani's deposition.   Due to the difficulty of arranging the deposition of Lilwani, the Plaintiff additionally filed a notice of the desire to file a 30(b)(6) deposition notice if Lilwani could identify a 30(b)(6) witness to testify (d/e 36).   The United States indicates it was unable to depose a 30(b)(6) witness because defense counsel informed the Plaintiff that Lilwani is the only person who can provide information on behalf of the corporation in a deposition.   (d/e 56, pg. 2-3)

Defendants filed a Response to Plaintiff's Motion for Extension of Discovery or Default Judgment and included a Counter-Motion for Leave to be Deposed by Remote Means (d/e 38).   Attached to the Response was a sworn affidavit from Lilwani.   Lilwani indicated his parents are in their 70's

and had encountered health problems. Lilwani stated he was willing and able to be deposed in the litigation. He indicated, however, that the needs of his parents required that he remain in India for the foreseeable future. In the affidavit Lilwani represented as follows: "I will make all the necessary arrangements to conduct my deposition *via video* conference." He indicated he had contacted a notary public who agreed to be present and administer the oath.

In its ruling on United States' Motion for Extension of Discovery or Default Judgment (d/e 34), the Court granted the United States' motion for extension of time, but reserved ruling on the Motion for Default and Lilwani's Counter-Motion for Leave to be Deposed by Remote Means (d/e 38). In the Motion for Amended Scheduling Order (d/e 56) now before the Court, counsel for Plaintiff United States notes that discovery in the case closed on June 1, 2015. Plaintiff's counsel indicates in the pending Motion, that she had attempted to arrange a video deposition of the Defendant in various U.S. Embassies in India. The Motion states that Plaintiff's counsel attempted to arrange for the deposition in the United States Embassy in Mumbai, India (Mumbai), because Plaintiff's counsel believed it was the United States Embassy closest to the Defendant's

location in India.  The Motion indicates that on April 10, 2015, defense counsel informed counsel for the United States that Lilwani would present himself to an attorney's office or video conferencing facility the Plaintiff recommended, but refused to attend his deposition at a U.S. Embassy in India because there was not a compelling reason for him to travel to an embassy for his deposition.  Lilwani's counsel provided counsel to the United States the name and address of the court reporter he wished to use.

     Counsel for the United States then requested the name of the computer system the court reporter would use for the deposition, but defense counsel did not provide the information.  The Motion before the Court relates that counsel for the United States continued to attempt arrangement for the deposition in the U.S. Embassy in Mumbai, while the Defendant chose a service for video connection in Ahmedabad, India. The United States indicates it has tested equipment at the United States Embassy in Mumbai and it would cost nothing to use the equipment in the Embassy, while a private company will charge to arrange the intercontinental electronic deposition.  While the United States argues in its Motion that the United States Embassy provides the most timely and efficient way in which to take the Defendant's deposition, the prayer for

relief requests only that the Court enter an order requiring Lilwani to appear and be deposed in his personal and corporate capacity and that a 30-day extension of fact discovery be granted.

In the February 24, 2015, Text Order of this Court granting a joint request for an extension of discovery deadlines, the Court noted "however, counsel should be advised that the Court is concerned about the age of this case and will not be inclined to grant further extensions". In the same Text Order the discovery deadline was also extended to the current discovery deadline of June 1, 2015.

Analysis

Courts retain substantial discretion to designate the site of a deposition. Presumptions as to where the deposition should take place are merely decisional rules that facilitate the determination when other relevant factors do not favor one side or the other. In conjunction with these decisional rules, the Court may consider such factors as cost, convenience, and litigation efficiency in determining the site of a deposition. 7 Moores Federal Practice § 30.20(1)(b), Matthew Bender Third Edition, 2014.

As noted above, the Defendants admit that the corporate Defendant in this case was an Illinois corporation located in Chicago, Illinois. The individual Defendant Lilwani is the sole owner of the corporation and, based on representations of counsel, is the only one who can provide answers regarding the conduct of the corporation's business. Lilwani has represented that he resides in Lincolnwood, Illinois, and has regularly traveled back to his home in Guarat, India, to visit with his family. Lilwani indicates he needs to remain in India due to the physical condition of his parents. (d/e 38, pgs. 1-2)

Plaintiff first attempted to schedule the deposition of Lilwani in Chicago. The Plaintiff's request was not unreasonable. Courts in the Seventh Circuit have ordered that foreign based employees of foreign corporations doing business in the United States must appear for depositions in the United States. Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333 (N.D. Ind. 2000). The Court in Custom Form relied upon the Seventh Circuit decision in Afram Export Corp. v. Metallurgiki Halyps, S.A., 772 F.2d 1358 (7th Cir. 1985). In that case, the Seventh Circuit Court affirmed the District Court's order that the president of a Greek steel corporation appear for a deposition in either New York or Milwaukee.

Here, the corporation in question was an Illinois corporation, rather than a foreign corporation, and the deponent lives in Illinois when not in India to care for his ailing parents. Under the circumstances facing the Court in this case, it would not have been unreasonable for the Plaintiff to have requested the Court to compel Lilwani to have appeared in Chicago for his deposition.

However, in an attempt to consider the needs of Lilwani, the United States agreed to schedule the deposition in India. Counsel for the Plaintiff attempted to schedule the deposition at the American Embassy in the closest proximity to Lilwani's location in India.

Defense counsel asserted in his letter of April 10, 2015 (d/e 56-1, pg. 16) that his client will not agree to go to the U.S. Embassy for his deposition and "there is no compelling reason to have Mr. Lilwani go to an embassy for his deposition". The Court disagrees.

This matter was filed August 8, 2011. An initial Scheduling Order was entered on December 11, 2012 (d/e 22).

In an agreed motion for an amended scheduling order the parties represented that Lilwani's deposition could not be taken until the resolution of preliminary discovery matters. (d/e 25) The Court allowed the agreed

motion for extension of discovery and discovery deadlines were extended. (Text Order, 11/6/2013)

On May 22, 2014, the parties again filed a motion for amendment of the Scheduling Order. (d/e 31) The agreed motion indicated that the Plaintiffs were not in a position to take Lilwani's deposition until the parties reached an agreement on receipt of complete records to be provided by Defendant. Consequently, the discovery deadlines were again extended by Text Order of the Court on June 2, 2014.

On November 26, 2014, Plaintiff filed a Motion for Extension of Discovery or Default Judgment (d/e 34). The Motion requested a third extension of discovery deadlines. In the Memorandum in support of the motion (d/e 35), counsel recited the difficulties in scheduling Lilwani's deposition as the reason for extending the discovery, pretrial and trial settings.

Plaintiff next filed a Supplemental Request for Extension of Discovery (d/e 36) and indicated, due to the difficulty in arranging Lilwani's deposition, Plaintiff sought leave of the Court to have Lilwani identify individuals to testify as 30(b)(6) witnesses. The Court allowed the motions to extend discovery and dispositive motions deadlines. The Court noted: "If after

Plaintiffs have completed the 30(b)(6) depositions, Plaintiffs still desire to depose Bharat Lilwani, Plaintiffs should bring the matter to the attention of the Court at that time." As noted above, the Plaintiff was informed by defense counsel that only Lilwani could answer questions that would be appropriate for a 30(b)(6) witness.

On February 18, 2015, Plaintiff filed another Joint Request for Extension to Rule 16 Schedule (d/e 50). The request indicated that the parties were trying to schedule a deposition by remote means and indicated that the United States has explored the option and the details were more complex than originally anticipated. Plaintiff reported that in order to effectuate a video deposition in India, a hook-up with the United States Consulate in India will be necessary and the deposition would have to be scheduled when that office is available in India. Plaintiff indicated the parties believed the 90-day extension of time would be appropriate to allow the parties to explore settlement and to schedule the deposition in India. The United States represented that defense counsel had no objection to the motion.

The Court allowed the motion (d/e 50) stating in its Text Order that "counsel should be advised that the Court is concerned about the age of

this case and will not be inclined to grant further extensions".  This Order was sufficient to put counsel on notice that the scheduling of the deposition of Lilwani was time sensitive and the deposition was to be completed within the 90-day period of extension.  The deposition was not completed within 90 days.

As noted above, on April 10, 2015, Lilwani's counsel indicated that Lilwani would not go to an American Embassy for his deposition.  While Lilwani's counsel objected to the deposition at an American Embassy, he provided no alternative location stating only that he could "provide you with several attorney's offices and video conferencing facilities in his area if needed".  Despite his client's representation that he would "make all the necessary arrangements to conduct my deposition via video conference", counsel tendered no concrete alternative location for his client's deposition.

In contrast, counsel for Plaintiff made arrangements to take the deposition in Mumbai and tested the computer link to U.S. Embassy to ascertain if the appropriate connections could be made for the deposition of Lilwani.  Plaintiff's counsel represents that the equipment and personnel at the U.S. Embassy in Mumbai will cost nothing, while a private company would obviously charge for the services.  In short, the Plaintiff has made

arrangements for a deposition location at the U.S. Embassy in Mumbai, which appears to be the closest embassy to Lilwani's location in India. Based upon representation by Plaintiff, the necessary links to take the deposition at the U.S. Embassy in Mumbai are sufficient and can be connected to the U.S. Attorney's Office in Springfield.  Counsel for Lilwani has made no concrete efforts to assist in scheduling the deposition at another location.

The Court in <u>New Medium Technologies LLC v. Barco N.V.</u>, 242 F.R.D. 460 (N.D. Ill. 2007), was faced with the issue of whether Japanese defendants in a patent infringement case should be compelled to produce 30(b)(6) witnesses in the United States for depositions.  Interestingly, the Japanese corporate defendant took the position that the designated 30(b)(6) witnesses, who resided in Japan, should be deposed at the American Consulate in Tokyo.  The Court ordered that the Japanese witnesses would be deposed in Chicago, rather than in Japan, and that conducting the depositions in the United States would not unduly burden the defendant.

The Court in <u>New Medium Technologies</u> noted that among the factors which courts often look to regarding location of depositions are

whether the time, expense, and inconvenience of travel presents a special hardship for the deponent.  Id. at 467.  In review of this concern, the Court determines that the travel to the United States Embassy in Mumbai by the deponent does not present a special hardship for Lilwani.  As noted above, if requested, it would certainly be within the discretion of the Court to order Lilwani to appear for his deposition in Chicago.  There is little doubt that the hardship imposed on Lilwani if his deposition was ordered to take place in Chicago, including time and travel expense, and his separation from his parents, would far exceed any hardship he might encounter in traveling within India to the United States Embassy in Mumbai.

As noted above, the discovery deadlines in this litigation have been extended four times.  The trial date has already been continued well in excess of a year from the original trial setting.  The United States has been diligent in attempting to schedule the deposition.  The Defendant has not.  It undoubtedly would take longer to attempt to find a location closer to Lilwani's Indian location than it would to schedule the deposition at the already vetted United States Embassy in Mumbai.  Finding a location other than the U.S. Embassy in Mumbai would likely necessitate a sixth

extension of the discovery deadlines and a new trial date.  Given the desire of the Court to conclude this litigation in a timely manner, in light of the previous discovery extensions, the warning to counsel that the Court was not inclined to extend discovery deadlines again, and the failure of the parties to agree on a location for the deposition, the Court will order that Lilwani appear for his deposition at the United States Embassy in Mumbai.

Order

IT IS THEREFORE ORDERED AS FOLLOWS:

1) Plaintiff United States' Motion for Amended Scheduling Order (d/e 56) is allowed;

2) The time for completing discovery in this case is extended for a period of 30 days as requested by the Plaintiff.  The discovery deadline is extended to July 11, 2015.  Consequently, Defendant Lilwani's deposition shall be taken on or before July 11, 2015;

3) The parties are ordered to consult and reach a mutually acceptable date for Lilwani's deposition at the United States Embassy in Mumbai, India, within the 30-day period.

ENTERED:  June 11, 2015

_____s/ Tom Schanzle-Haskins_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE